**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **LESLIE YANDERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case No.: _____ |
| | ) |
| **THE SCHOOL CITY OF HAMMOND, an Indiana** | )    * JURY DEMAND * |
| **Political subdivision; SCOTT E. MILLER, as the** | ) |
| **Superintendent of Schools for the School City of** | ) |
| **City of Hammond.** | ) |
| | ) |
| **Defendants.** | ) |

<u>**PLAINTIFF'S COMPLAINT FOR DAMAGES**</u>

Plaintiff, by counsel Patrick B. McEuen of McEUEN LAW OFFICE, files this complaint against the Defendant, and states to the court as follows:

<u>**Jurisdiction and Venue**</u>

1.    This action arises under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*

2.    This action seeks redress for discrimination in employment based upon race, Black.

3.    This action seeks redress for retaliation for supporting Dawn Greene in an Equal Employment Opportunity Commission proceeding.

4.    This action seeks redress for retaliation for seeking Family and Medical Leave Act leave.

5.    The claims made in this Complaint occurred and arose in the State of Indiana, in this District.  Venue is therefore proper under 28 U.S.C. §1391 and 28 U.S.C. §1331.

6.    Plaintiff seeks damages under federal law pursuant to the claims for relief specified below, in amounts to be established at trial.

7.     This Court has authority to award costs and attorney's fees pursuant to 29 U.S.C. § 2617 and other applicable provisions of the cited Acts.

8.     This Court also has jurisdiction over any pendent state claims Plaintiff has brought, pursuant to 28 U.S.C. §1367.

**Parties**

9.     Plaintiff was employed by the School City of Hammond as an Executive Director of Secondary Education, at all times relevant, and she was discharged as the claims are set forth herein on account of her race, Black, and in retaliation for supporting Dawn Greene in Greene's challenge to her constructive discharge, and in retaliation for seeking FMLA Leave.

10.     The School City of Hammond (hereinafter "Hammond") is an employer with more than fifteen (15) employees within the United States Judicial District for the Northern District of Indiana, and at all times relevant was an "employer" within the meaning of Title VII.

11.     Scott E. Miller is the Superintendent of Schools for Hammond, and he discriminated against Plaintiff on account of her race, and retaliated against Plaintiff, by taking adverse employment action against her on or about October 28, 2021, by issuing denying my application for Family and Medical Leave Act leave unless I agreed to resign at the conclusion of the approved leave.

**Statement of Facts**

12.     Plaintiff began her employment with Hammond in approximately 2010.

13.     At the time of the incidents relevant hereto, Plaintiff was employed as the Executive Director of Secondary Education by Hammond at its business location in Hammond, Indiana.

14.     On or about October 4, 2021, Plaintiff was given adverse employment action by her supervisor, Scott Miller, who demanded that Plaintiff accept a demotion from her position to

be named Assistant Principal of Scott Middle School, with a pay cut of $40,000.00 to become effective in or about June 2022.

16.    That same day, Dan Friel, counsel for the School City of Hammond told Plaintiff that she had two (2) options: accept the demotion or be terminated.

16.    On October 4, 2021, Plaintiff requested thirty (30) days to consider accepting the demotion and to delay reporting the proposed demotion to the School Board for that period of time.

17.    Miller and Friel agreed, so long as Plaintiff put the request in writing and indicated she was seeking alternative employment.

18.    Plaintiff emailed the request for delay to Miller.

19.    On or about October 28, 2021, Plaintiff filed a request for medical leave until January 27, 2022.

20.    Miller tentatively agreed to the request for FMLA leave, but indicated he needed to speak with Friel first.

21.    After about ten (10) minutes, and on October 28, 2021, Miller and Michelle Riise, the Assistant Superintendent of Operations, came to Plaintiff's office and advised Plaintiff that the leave would only be approved if Plaintiff tendered a letter of resignation effective at the conclusion of her leave.

22.    Riise remained with Plaintiff while Plaintiff drafted the resignation letter to obtain FMLA leave to which she was legally entitled.

23.    On or about December 16, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission asserting that Miller's adverse employment actions were the result of Plaintiff's race (Black), were the result of retaliation for her support of Dawn

Greene, and were retaliatory for her request for leave under the Family and Medical Leave Act. A true and correct copy of the Plaintiff's EEOC Charge of Discrimination and all attachments thereto are attached hereto and incorporated herein as if fully set forth as "Exhibit A".

24.    On September 7, 2022, Plaintiff was issued a Notice of Right to Sue. Attached hereto and incorporated herein as if fully set forth as Exhibit "B" is a true and correct copy of the Plaintiff's September 7, 2022, Notice of Right to Sue.

## COUNT I – Title VII Race Discrimination

25.    Plaintiff realleges and incorporates the allegation of Paragraphs 1-24 as if fully set forth herein.

26.    This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 on the basis of Plaintiff's race and color.

27.    Hammond has engaged in discriminatory employment conduct against Plaintiff, including but not limited to, actual and constructive termination of Plaintiff's employment.

28.    Plaintiff has exhausted her administrative remedies.

29.    As a direct and proximate result of Hammond's violation of Title VII, Plaintiff is entitled to equitable relief including reinstatement, and legal remedies including back pay, front pay, an award of costs, and an award of attorney's fees.

## COUNT II – RETALIATION UNDER TITLE VII

30.    Plaintiff realleges and incorporates the allegation of Paragraphs 1-24 as if fully set forth herein.

31. This action is brought to remedy the retaliation against Plaintiff under Title VII, as she opposed discrimination against Dawn Greene, in the course and scope of their employment with Hammond.

32. On June 10, 2021, Plaintiff told Miller that Plaintiff believed his adverse employment action Dawn Greene was inappropriate, after Miller accused Greene of implied criminal conduct in the approval of three (3) salary stipends, or supplemental pay, for Dawn Greene, and two (2) principals, all of whom had assumed "extra duties" during COVID-19 and a school consolidation plan underway at Hammond.

33. Plaintiff engaged in "protected activity" by opposing discriminatory treatment in employment conditions against Dawn Greene.

34. Defendants took adverse employment action against Plaintiff following her "protected activity".

35. As a direct and proximate result of the Plaintiff's protected activity, Hammond and Miller took adverse employment action against Plaintiff.

36. As a direct and proximate result of Miller's and Hammond's retaliatory adverse employment action, Plaintiff is entitled to an award of damages, including compensatory damages, punitive damages, an award of costs, and an award of attorney's fees.

## COUNT III – RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT

37. Plaintiff realleges and incorporates the allegation of Paragraphs 1-24 as if fully set forth herein.

38. On or about October 28, 2021, Plaintiff applied for leave under the Family and Medical Leave Act ("FMLA"), 29 USC § 1609, *et.seq.*

39.     On or about October 28, 2021, Defendants unlawfully predicated approval of Plaintiff's request for leave upon her tender of a letter of resignation effective upon the expiration of her leave.

40.     Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit an employer from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

41.     Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

42.     On October 28, 2021, Miller and Hammond interfered with and/or restrained Plaintiff's exercise of her FMLA rights by conditioning the approval of FMLA leave upon a letter of resignation.

43.     On October 28, 2021, Miller and Hammond discriminated against, and/or retaliated against Plaintiff for attempting to exercise Plaintiff's FMLA rights by conditioning the approval of FMLA leave upon a letter of resignation.

44.     In accordance with 29 U.S.C. § 2617(1)(A), Defendants are liable to Plaintiff for damages equal to "any wages, salary, employment benefits, or other compensation" denied to the Plaintiff through her forced resignation.

45.     Plaintiff is entitled to additional liquidated damages in amount equal to her compensatory damages, because the Defendants did not act in good faith.

**WHEREFORE**, Plaintiff prays for judgment against Hammond as follows:

a.      Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to all applicable statutes prohibiting race and color discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii);

b.      Additional liquidated damages in the amount of the above-requested award, pursuant to all applicable statutes prohibiting race and color discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(A)(iii);

c.      Statutory damages under Title VII for retaliation, pursuant to all applicable statutes prohibiting retaliation for EEO-related protected activities;

d.      Statutory damages under the Family and Medical Leave Act for retaliation, pursuant to all applicable statutes prohibiting retaliation for exercising, or attempting to exercise FMLA rights;

e.      Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to all applicable statutes prohibiting race and color discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(B).

f.      Attorney's fees, expert witness fees, and costs of this action, pursuant to all applicable statutes prohibiting race and color discrimination, as well as 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Patrick B. McEuen
Patrick B. McEuen, Atty. No. 17441-45
McEUEN LAW OFFICE
6382 Central Avenue
Portage, Indiana 46368
(219) 762-7738
patrick@mceuenlaw.com
Attorney for Plaintiff